CITY OF ORLANDO v. NORTHERN INVESTMENT CORP., *et al.*

156 So. 890.
Opinion Filed October 6, 1934.

E. W. *Davis* and *Merton S. Harrell,* for Appellants;
*Troy C. Musselwhite* and *S. E. Durrance,* for Appellees.

WHITFIELD, J.—Pursuant to authority given by Chapter 14572, Acts of 1929, Sections 1003 (1) *et seq.,* Cum. Supp. 1934 to Comp. Gen. Laws 1927, the Northern Investment Corporation, a Florida corporation, brought a suit to foreclose the lien of a tax deed obtained under Section 12 of Chapter 14572, amending Section 1003 (779) C. G. L., for the nonpayment of State and county taxes for the year 1929. The property covered by the tax deed is described as

"NE¼ of NE¼ (less E-17 A and less Part in street and lake) Sec. 23 T. 22 S. R. 29 E."

The City of Orlando is one of the defendants to the foreclosure proceedings. In the bill of complaint it is alleged that the city claims a lien on said property for city taxes for the years 1929, 1930, 1931 and 1932," and also sewer and pavement special assessment liens, "all of which sewer and paving liens are due and past due in full, and have not been paid as they became due or installments thereon and said liens were thereby accelerated and the full amount on each and all of said sewer and paving liens are at the present time due and past due and subject to and inferior to your orator's lien." The bill states that liens for city taxes are not inferior to complainant's tax deed lien.

In the answer of the defendant city it is averred that the sewer and paving liens held by the city against the property are payable in installments; that stated numbers of said installments are past due and unpaid, but that other

stated installments have not matured for payment because the city has not elected to take advantage of the acceleration clause of the statute, though installment payments are in default.

It was stipulated "that the paving and sewer liens set forth in the bill of complaint, and the said defendants' answer were made under the authority of Chap. 10974 of the Special Laws of 1925, of which statute Sec. 19 reads as follows:

" 'All assessments and installments of assessments shall bear interest at the rate of one per cent. per month after the date when the same respectively become due and payable, and in the event of default in the payment of any installment of an assessment, all unpaid installments, together with the interest thereon, shall immediately become due and payable.' "

On motion the court struck portions of the answer which in effect deny that under the law all the installments of the sewer and paving liens are past due under the law.

On appeal taken by the city the question presented is whether the statute has by its acceleration provisions made all the sewer and paving installments here involved mature upon default in making payments of the installments.

The provision of the quoted *special* law that "in the event of default in the payment of any installment of an assessment, all unpaid installments together with the interest thereon, shall immediately become due and payable," is affirmative, definite and absolute, and is controlling in the premises, even though the city has not elected to claim acceleration and maturity of all installment liens.

Affirmed.

DAVIS, C. J., and TERRELL, BROWN and BUFORD, J. J., concur.