Mr. Neil R. Arther City Attorney City of Kissimmee Post Office Box 1608 Kissimmee, Florida 32742-1608
Dear Mr. Arther:
You ask the following question:
May the City of Kissimmee allow water and sewer customers to pay their impact fees in several payments over time provided that proper interest is added, without violating s. 10, Art. VII, State Const.?
In sum, I am of the opinion:
The adoption of a plan whereby customers pay impact fees in several payments, rather than one payment, with interest added does not violate s. 10, Art. VII, State Const.
You state that the City of Kissimmee provides water and sewer services, both within the city and in some areas of the county. The city imposes impact fees to assist in funding the expansion of the water and sewer systems necessitated by the demands placed upon the systems by new construction and development.[1]
You ask whether permitting customers to make installment payments constitutes the "giving, lending or use of [the city's] taxing power or credit to aid any person" as prohibited by s. 10, Art. VII, State Const. Since you have not supplied any details as to the proposed plan, the comments of this office must be general in nature.[2]
Section 10, Art. VII, State Const., provides in part:
Neither the state nor any . . . municipality . . . or agency of any of them, shall become a joint owner with, or stockholder of, or give, lend or use its taxing power or credit to aid any corporation, association, partnership or person . . . .
Many of the cases relating to the above constitutional provision (and its predecessor, s. 10, Art. IX, State Const. 1885)[3] have stated that the purpose of this provision is "to keep the State out of private business; to insulate State funds against loans to individual corporations or associations and to withhold the State's credit from entanglement in private enterprise."[4]
The constitutional provision must be considered in light of the evils it was intended to correct.[5] This office, in considering s. 5(a), Art. II, State Const., has, for example, stated that a school board could accept partial payment of the purchase price of surplus real property and defer the balance on an installment payment basis without loaning or pledging the public credit.[6]
Impact fees are not taxes but are imposed as regulatory fees to assist in funding the expansion of governmental services necessitated by the demands placed upon such systems by new construction and development.[7] Funds expended by a municipality to expand the water and sewer systems are for a public, not a private purpose.
The authority of a state Legislature, or a municipal corporation when authorized by charter or statute, to provide for the payment of assessments in installments and to attach reasonable conditions for the privilege of so paying has generally been recognized.[8]
Under s. 2(b), Art. VIII, State Const., as implemented by the Municipal Home Rule Powers Act, Ch. 166, F.S., the governing body of a municipality has been granted the authority to enact legislation on any subject matter upon which the state Legislature may act with the exception of certain subjects.[9]
In light of the above, I am of the opinion that a municipality, pursuant to its home rule powers, may adopt a plan authorizing customers to pay impact fees in installments, with interest added, without violating s. 10, Art. VII, State Const.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] It is assumed for purposes of this inquiry that the impact fees are properly imposed. See, Home Builders and Contractors Association of Palm Beach County, Inc. v. Board of County Commissioners of Palm Beach County, 446 So.2d 140 (4 D.C.A. Fla., 1983), pet. for rev. den., 451 So.2d 848 (Fla. 1984), appeal dismissed, 105 S.Ct. 376 (1984); Hollywood, Inc. v. Broward County, 431 So.2d 606 (4 D.C.A. Fla., 1983), pet. for rev. den.,440 So.2d 352 (Fla. 1983), applying the test for the validity of locally imposed impact fees set forth in Contractors and Builders Association of Pinellas County v. City of Dunedin, 329 So.2d 314
(Fla. 1976), appeal after remand, 358 So.2d 846 (Fla. 1978), cert. denied, 444 U.S. 867 (1979).
[2] This opinion is expressly limited to the question asked, i.e., whether the payment of impact fees in installments violate s. 10, Art. VII, State Const. 
[3] Section 10, Art. IX, State Const. 1885, prohibited in part the credit of the state or any county, city or district from being pledged or loaned to any individual, corporation or association.
[4] Dade County, Board of Public Instruction v. Michigan Mutual Liability Company, 174 So.2d 3, 6 (Fla. 1965). And see, Bailey v. City of Tampa, 111 So. 119, 120 (Fla. 1926), in which the Court discussed the reason for the adoption of s. 10, Art. IX, State Const. 1885:
[D]uring the years immediately preceding its adoption, the state and many of its counties, cities, and towns had by legislative enactment become stockholders or bondholders in, and had in other ways loaned their credit to, and had become interested in the organization and operation of, railroads, banks and other commercial institutions. Many of these institutions were poorly managed, and either failed or became heavily involved, and, as a result, the state, counties, and cities interested in them became responsible for their debts and other obligations. These obligations fell ultimately on the taxpayers. Hence the amendment, the essence of which was to restrict the activities and functions of the state, county, and municipality to that of government, and forbid their engaging directly or indirectly in commercial enterprises for profit.
[5] See, 64 C.J.S. Municipal Corporations s. 1870b (constitutional provisions prohibiting municipalities from aiding private corporations should be considered in light of the evils they were intended to correct). And see, Gray v. Bryant, 125 So.2d 846 (Fla. 1960).
[6] Attorney General Opinion 82-58. And see, AGO 82-42 (municipality may take back purchase money mortgage when selling surplus municipal property). Cf., 56 Am.Jur.2d Municipal Corporations s. 590 (fact that sales price is payable in installments does not constitute lending or pledging of credit or donation within constitutional provisions prohibiting municipalities from lending credit to private corporations or individuals or from making donation of public money); Clovis v. Southwestern Public Service Company, 161 P.2d 878 (N.M. 1945) (sale of city property to private corporation payable in installments not violative of constitution prohibiting lending or pledging of public credit).
[7] See, Home Builders and Contractors Association of Palm Beach County, Inc. v. Board of County Commissioners of Palm Beach County, supra.
[8] 63 C.J.S. Municipal Corporations s. 1573. Cf., City of Orlando v. Northern Investment Corporation, 156 So. 890 (Fla. 1934), in which the Court considered whether all sewer and paving assessment installment payments had matured upon the defendant's default of making some of the installments, regardless of whether the city had claimed acceleration.
[9] See, s. 166.021(3), F.S. And see, s. 166.021(1), F.S. (municipalities possess the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services).